**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

KRISTOPHER DALE THOMAS                                                    PLAINTIFF

v.                                     4:17CV00661-SWW-JTK

TIM RYALS, et al.                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Kristopher Thomas, an inmate incarcerated at the Faulkner County Detention Center (Jail), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate mental health care and treatment and improper conditions of confinement at the Jail, beginning September, 2017 (Doc. Nos. 2-3).   Defendants Randell, Huffman, Andrews, and Page were dismissed on November 1, 2017 (Doc. No. 12).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendants Tim Ryals and Dr. Garry Stewart (Doc. Nos. 32-34).   Plaintiff did not respond, and by Order dated July 17, 2018, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 36). As of this date, Plaintiff has not responded to the Motion.

## II.    Complaint

Plaintiff alleged that Defendants denied him the right to proper psychological care and treatment while at the Jail. (Doc. No. 3, p. 2) He claimed Defendant Ryals employed only one

2

medical physician (Dr. Stewart), and not a licensed psychologist who could properly care for Plaintiff's bi-polar condition. (Id., pp. 3, 6) Plaintiff claimed the stress from the lack of medication caused him difficulty in controlling his anger. (Id., p. 7) He also alleged that Defendants improperly housed him in an eight-man cell with up to eighteen men, and that some men were required to sleep on the floors next to the toilets and molded showers. (Id., p. 8)   As a result, Plaintiff lived in constant fear of being assaulted by other inmates. (Id.)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"   Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."   Local Rule 56.1, Rules of the United States District Court for the

3

Eastern and Western Districts of Arkansas.    Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

###    A.    Official Capacity

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, because he did not allege that their actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct.    A suit against a county official in his official capacity is the equivalent of a suit against the county itself.    Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).    In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.    Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).    Defendants state Plaintiff presented no evidence of an on-going custom of denying mental health care, and note that the Detention Center Handbook includes a provision to contact Counseling Associates, Inc., if it is determined by medical staff that a detainee needs additional psychiatric care and/or screening. (Doc. No. 34, p. 4; Doc. No. 34-6, p. 41)    In addition, according to Plaintiff's medical records, he was referred to such counseling in February, 2018 (Doc. No. 34-4, p. 5)    Therefore, absent such an allegation, or a response from Plaintiff, the Court finds the monetary claims against Defendants in their official capacities should be dismissed.

###    B.    Individual Capacity

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively

reasonable manner.   It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   Qualified immunity is a question of law, not a question of fact.   McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).   Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.   Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1]   Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.   Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to the Affidavit of Major John Randall of the Jail, Plaintiff submitted numerous grievances during his incarceration pursuant to the Jail grievance policy, but never submitted a grievance concerning his overcrowded conditions of confinement claim. (Doc. No. 34-1) Randall also stated that Jail policies provide for dental, medical, and mental health care of inmates,

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."   Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

and all healthcare services are provided by the contract medical staff. (Id., pp. 3, 4)    According to Plaintiff's medical records, he did not indicate a medical or mental health problem when he was screened during his booking into the Jail in September, 2017. (Doc. No. 34-4, pp. 1-3)    On October 3, 2017, Plaintiff submitted an inmate medical request asking to see a doctor for depression, hearing voices, paranoia, lack of sleep, and overall mental health. (Doc. No. 34-5, p. 6)    Nurse Monte Munyan told him he would see the Jail doctor at the next available appointment. (Id., p. 7)    The next day, Plaintiff requested a cotton blanket, stating he was allergic to wool blankets, and also stated that before he was arrested he took daily doses of Seroquel and Lithium from two different friends. (Id., p. 6) he also stated he self-medicated for years and was having problems coping. (Id.)    Nurse Munyan asked Plaintiff if he had any medical records for the doctor to review, and Plaintiff responded that he did not, and also questioned the medical qualifications of Dr. Stewart. (Id., pp. 5-6)    On October 12, 2017, Dr. Stewart prescribed Plaintiff the anxiety medication, Buspar, after evaluating Plaintiff, and on October 20, 2017, Plaintiff complained that the medication was not helping him with his sleep and anger issues. (Doc. No. 34-4, p. 4; Doc. No. 34-5, p. 4)    Nurse Munyan responded that they did not provide sleep aides to inmates. (Doc. No. 34-5, p. 4)    On October 23, 2017, Plaintiff submitted an inmate medical request stating that the medicaton was not helping and called the doctor a "quack," and the nurse responded by instructing him to double the dose of his medication for maximum benefit. (Id., p. 3)    On November 13, 2017, Plaintiff submitted another medical request asking if his medication would be refilled, and the Nurse replied that Plaintiff should pay attention to how he felt without the medication to determine if the medication made a difference. (Id., p. 2) Plaintiff later responded, on November 14, 2017, that the medication was ineffective, and he felt no different when taking it. (Id.)    Dr. Stewart referred Plaintiff to Counseling Associates, Inc., for a forensic evaluation, on February 16,

6

2018. (Doc. No. 34-4, p. 5)

Dr. Stewart stated in an affidavit that Plaintiff revealed he self-medicated prior to his incarceration and lacked a prior medical history to justify prescribing the medications he initially requested. (Doc. No. 34-7, p. 2)    Stewart prescribed Buspar for anxiety in October, 2017, and referred Plaintiff to Counseling Associates in February, 2018, in response to Plaintiff's complaint that his mental health needs were not being adequately addressed. (Id.) Dr. Stewart stated that Plaintiff's numerous requests for medications were considered and addressed promptly, that he was treated appropriately, and that there was no medical evidence of any injury or damage caused by any delay in providing Plaintiff with mental health medications he requested. (Id., p. 3).

Based on the exhibits and affidavits, Defendants state that Defendant Ryals should be dismissed, as Plaintiff failed to allege any personal involvement by him with respect to his treatment at the jail.    In addition, Defendants ask the Court to dismiss Plaintiff's conditions claims for failure to exhaust, and state that Plaintiff's remaining claims against Defendant Stewart should be dismissed for failure to show that he acted with deliberate indifference to any serious mental health needs.

1)    Defendant Ryals

It appears to the Court that Plaintiff named Defendant Ryals based solely on his supervisory position as Sheriff of Faulkner County.    However, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.    See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).    A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.    Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In addition, the general responsibility for supervising

a Jail is insufficient to establish personal involvement by Defendant Ryals. Reynolds v. Dormire, 636 F.3d 976, 981 (8th Cir. 2011). Therefore, the Court finds he should be dismissed on this basis.

> ### 2)    Exhaustion – Conditions Claims

According to the Prison Litigation Reform Act (PLRA),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically

named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

Defendants presented evidence of Jail grievance policy, and of the fact that Plaintiff used the grievance procedure on several occasions. (Doc. No. 34-6, p. 34; Doc. No. 34-1, p. 2) Absent a response from Plaintiff and evidence of grievances concerning his conditions claims, the Court finds the overcrowded claim should be dismissed, for failure to exhaust.

3)    Mental Health Claim – Defendant Stewart

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants (Doc. No. 34) are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law.    See FED.R.CIV.P. 56(e)(2), (3).    Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979).    In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).    Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994).    However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).    Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with

9

a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).   In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.   Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this particular case, Defendants provide Jail and medical records to show that Plaintiff was treated on several occasions for his medication requests.   Absent any medical records concerning medications prescribed to Plaintiff based on a medical diagnosis prior to his incarceration, the Court finds no evidence that Defendant Stewart's failure to prescribe the requested medications constituted deliberate indifference to Plaintiff's serious mental health needs.   There is no record or indication that Plaintiff complained about the lack of medication after November, 18, 2017.   In addition, Dr. Stewart recommended Plaintiff be seen by mental health counselors at Counseling Associates, Inc., in February, 2018.   The Court finds no evidence of deliberate indifference, or of anything other than a dispute over the type of medical treatment provided, which is insufficient to support a findings of a constitutional violation. In addition, if Plaintiff complains about a delay in medical treatment, he provides no proof that Defendant caused the delay or that he suffered harm as a result.   Therefore, absent additional facts or evidence from

Plaintiff to show otherwise, the Court finds that Defendant acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 32) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 15th day of August, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE